IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-86-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MARIO LOVO-ORELLANA ) | |

This matter is before the Court on the government's appeal of the order of pretrial release of Magistrate Judge Robert T. Numbers. A hearing was held before the undersigned on May 9, 2016, in Raleigh, North Carolina. For the following reasons, the magistrate's ruling is affirmed.

## BACKGROUND

Defendant was indicted in the Eastern District of North Carolina on ten counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), on April 5, 2016. [DE 1]. Defendant was arrested and had an initial appearance on April 12, 2016. At the initial appearance, the government moved for detention pursuant to 18 U.S.C. § 3142(f). The United States Probation Office, in its pretrial services report, recommended release on conditions. [DE 11]. A detention hearing was held on April 19, 2016. After hearing the evidence, Magistrate Judge Numbers released defendant on conditions of release. These conditions included an unsecured bond set at $25,000.00 and placing defendant in the custody of a third party custodian named Jorge Arrieta, as well as home detention with limited exceptions, consent to warrantless searches, and prohibition on use of computers or electronic devices without approval from a probation officer, among other conditions. [DE 17]. The government appealed.

## DISCUSSION

The Court has the discretion to review *de novo* and amend a detention order entered pursuant to 18 U.S.C. § 3142. 18 U.S.C. § 3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant at trial and the safety of any other person and the community, the Court must consider the factors set forth in § 3142(g). The charges levied against defendant carry a presumption of detention. 18 U.S.C. § 3142(e). This presumption "imposes on the defendant only the burden *of production* of proof. It does not also shift to him the ultimate burden of persuasion concerning the risk of flight and danger to community safety." *United States v. Tyson*, 7:11-CR-105-3F, 2011 WL 4443253, *1 (E.D.N.C. Sept. 23, 2011) (emphasis in original).

At the appeal hearing, defendant offered the testimony of a proposed third-party custodian, Mr. Jorge Arrieta. Mr. Arrieta worked with defendant for a number of years. Currently, Mr. Arrieta is disabled and receives disability, so he is home during the day. Mr. Arrieta testified that he was willing to live in defendant's home, supervise defendant's actions, and report any violations. Mr. Arrieta further testified that the internet at the house had been turned off and that he would know if defendant were using a computer at the house. Mr. Arrieta, who travels to Florida for medical treatment, testified at the appeal hearing that he would have his medical care transferred to North Carolina so he can better supervise defendant.

The Court also considered that defendant had been on state pretrial release since June 2015 with no known violations. Moreover, the Court considered that defendant has a strong work history and a robust support system through his work, as seen by the attendance of his employer and several co-workers at the hearing. The Court further considered that defendant has no real

2

criminal history and that there is no evidence that defendant ever tried to communicate with anyone about child pornography or attempted to sexually abuse a child. Finally, the Court considered that defendant is in the United States on Temporary Protected Status, so he is unlikely to flee to his home country of El Salvador and, even if he wished to do so, he has surrendered his passport.

Considering the evidence *de novo*, the Court agrees with Magistrate Judge Numbers's original assessment that there are conditions that will assure the safety of the community and defendant's appearance for future proceedings. *See* 18 U.S.C. § 3142(e)(1). Accordingly, the Court finds that the defendant has successfully rebutted the presumption of detention and is permitted to remain on conditions of release pending his arraignment, which is currently set for June.

## CONCLUSION

For the foregoing reasons, the government's appeal is DENIED. [DE 15]. Defendant is permitted to remain on the conditions of release set on April 19, 2016.

SO ORDERED, this ___9___ day of May, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3